- 1 -

| | |
|---|---|
| 1 | Your Name: George Jarvis Austin |
| 2 | Address: 2107 Montauban Court |
| 3 | Phone Number: 209.915.6304 |
| 4 | Fax Number: |
| 5 | E-mail Address: gaustin07@berkeley.edu |
| 6 | Pro Se Plaintiff |

**FILED**
DEC 02 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C 21-09345  JCS

George Jarvis Austin

Plaintiff,

vs.

Lyft

Defendant.

Case Number [leave blank]

**COMPLAINT**

DEMAND FOR JURY TRIAL
Yes ✔  No ☐

**PARTIES**

1. Plaintiff. [*Write your name, address, and phone number. Add a page for additional plaintiffs.*]

Name: George Jarvis Austin
Address: 2107 Montauban Court
Telephone: 209.915.6304

COMPLAINT
PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

2. **Defendants.** [*Write each defendant's full name, address, and phone number.*]

Defendant 1:

Name: Lyft

Address: 185 Berry St. #5000, San Francisco, CA, 94107

Telephone: (415) 230-2905

Defendant 2:

Name: ___

Address: ___

Telephone: ___

Defendant 3:

Name: ___

Address: ___

Telephone: ___

## JURISDICTION

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

3. My case belongs in federal court

[✔] under <u>federal question jurisdiction</u> because it is involves a federal law or right.

[*Which federal law or right is involved?*] ___, Discrimination, Title VII ___.

[ ] under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

COMPLAINT
PAGE ___ OF ___   [*JDC TEMPLATE – Rev. 05/2017*]

## VENUE

*[The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.]*

4. Venue is appropriate in this Court because:

   [✔] a substantial part of the events I am suing about happened in this district.

   [ ] a substantial part of the property I am suing about is located in this district.

   [ ] I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

   [✔] at least one defendant is located in this District and any other defendants are located in California.

## INTRADISTRICT ASSIGNMENT

*[This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.]*

5. Because this lawsuit arose in **Alameda** County, it should be assigned to the **San Francisco/Oakland** Division of this Court.

## STATEMENT OF FACTS

*[Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.]*

See attached.

COMPLAINT
PAGE ___ OF ___  *[JDC TEMPLATE – Rev. 05/2017]*

## DEMAND FOR RELIEF

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]*

_____. See attached_____

## DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

[✔] Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 11/18/21      Sign Name: _____

Print Name: George Jarvis Austin

COMPLAINT
PAGE ___ OF ___   *[JDC TEMPLATE – 05/17]*

George Jarvis (J).. Austin, esq. (TBA)
Austin v. Lyft, et. al. **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,                                    Complaint

v.

LYFT., et al., Defendants.

**TBA**

George Jarvis (J).. Austin, esq. (TBA)
Austin v. Lyft, et. al. **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

## FACTS.

"Time and again, powerful and brilliant men and women have produced racist ideas in order to justify the racist policies of their era, in order to redirect the blame for their era's racial disparities away from those policies and onto Black people (and sometimes using Black People to do so).... The principal function of racist ideas in American history has been the suppression of resistance to racial discrimination and its resulting racial disparities. The beneficiaries of slavery, segregation, and mass incarceration have produced racist ideas of Black people being best suited for or deserving of the confines of slavery, segregation, or the jail cell. Consumers of these racist ideas have been led to believe there is something wrong with Black people, and not the policies that have enslaved, oppressed, and confined so many Black people."

— **Ibram X. Kendi**, Stamped from the Beginning:
The Definitive History of Racist Ideas in America

Plaintiff, George Jarvis Austin, applied for Lyft as one of a few side hustles, or gigs, while preparing for separate full time position (in process), yet the system and troubleshooting team has provided in-accurate and discriminatory information, and discriminated based off of that information (even though Plaintiff alerted that their system was apparently inaccurate). Their system utilizes Checkr which runs background and credit checks which came back clean, and without blemish for Plaintiff. Yet, Lyft is asserting otherwise and said the issue was with Checkr. Checkr's report is clean and informed them that I could upload the PDF of the report so that we could troubleshoot (as there's nothing there, but they have continued down a discriminatory path unjustly). Plaintiff's background, credit and driving record are all clean so the discriminatory treatment falls squarely on Lyft. Although Lyft outwardly through campaigns etc. claim to be aware, and attentive to racial injustice, their behaviors, as documented suggest otherwise (and are highlighted in their ongoing disparate treatment of Plaintiff).

George Jarvis (J).. Austin, esq. (TBA)
Austin v. Lyft, et. al. **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

- https://www.blackenterprise.com/study-uber-lyft-algorithms-charged-more-for-rides-in-non-white-neighborhoods/ (STUDY: UBER, LYFT ALGORITHMS CHARGED MORE FOR RIDES IN NON-WHITE NEIGHBORHOODS)

- https://www.usatoday.com/story/tech/2020/12/16/uber-lyft-diversity-hispanics-latinos-african-americans-executives/3910429001/ (With few Black and Hispanic executives, Lyft and Uber face long road to hailing a racially diverse workforce)

- https://www.nber.org/papers/w22776 (Results indicated a pattern of discrimination, which we observed in Seattle through longer waiting times for African American passengers—as much as a 35 percent increase. In Boston, we observed discrimination by Uber drivers via more frequent cancellations against passengers when they used African American-sounding names. Across all trips, the cancellation rate for African American sounding names was more than twice as frequent compared to white sounding names. Male passengers requesting a ride in low-density areas were more than three times as likely to have their trip canceled when they used a African American-sounding name than when they used a white-sounding name.)

- https://techcrunch.com/2016/10/31/study-uber-and-lyft-racial-discrimination/ (Study says Uber and Lyft have racial discrimination problems)

- https://www.chicagotribune.com/business/blue-sky/ct-racial-discrimination-uber-lyft-study-blm-bsi-20161031-story.html (Study finds racial discrimination by Uber, Lyft drivers)

- https://www.vice.com/en/article/88nqd4/the-gig-economys-business-model-is-a-racial-justice-issue (Uber and Lyft say they care about Black lives, but their business models and lobbying disproportionately hurt people of color. - In an ongoing lawsuit against Lyft, the ACLU and National Employment Law Project noted that gig economy companies' business models "deepen the desperation of workers who have been excluded from stable employment.")

- https://www.newscientist.com/article/2246202-uber-and-lyft-pricing-algorithms-charge-more-in-non-white-areas/ (Uber and Lyft pricing algorithms charge more in non-white areas)

Complaint
3

George Jarvis (J).. Austin, esq. (TBA)
Austin v. Lyft, et. al. **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

- https://venturebeat.com/2020/06/12/researchers-find-racial-discrimination-in-dynamic-pricing-algorithms-used-by-uber-lyft-and-others/ (Researchers find racial discrimination in 'dynamic pricing' algorithms used by Uber, Lyft, and others)

## JURISDICTION

Under Article III of the Constitution, Federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." See US Const, Art II, Sec. 2  The Supreme Court has interpreted the clause broadly to hear any case with a federal ingredient. See Osborn v. Bank of the United States, 9 Wheat. (22 U.S.) 738 (1824).  Jurisdiction is proper under Defendant purposeful availment, and Federal question jurisprudence.  Accident occurred in California, and Defendant Insurers purposely availed themselves via coverage in California for these types of purposes.  Both drivers appear to be residents of California, and the insurer intended to insure their insured in the State.  Defendant's Headquarters is in San Francisco.  Because issues of discrimination, as a Black man, and other protected characteristics, the Federal Question Jurisdictional standard is met.

1. Discrimination
    a. Lyft is aware of Plaintiff's race, ethnicity, and background, is informed of, has evidence of, and has been offered more documentation of his clean background yet is being treated in an inferior manner, falsely, to similar others.  Lyft keeps saying to contact the company Checkr but Checkr's report is "clear" and clean as is Plaintiff's

George Jarvis (J).. Austin, esq. (TBA)
Austin v. Lyft, et. al. **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

driving record. There is no legitimate reason to discriminate against Plaintiff and the false justification is illuminating a discriminatory company practice.

2. False Light

    a. Lyft's response is putting Plaintiff in a false light of criminality, or background problems, when none exist. The false light of having something presented as wrong with Plaintiff's background, when there's nothing but clear according to the very system, and its report the company used, and referred to not only creates a false, and defamatory, image, but inflicts immediate financial and other harms.

3. Misrepresentation

    a. The company not only misrepresented Plaintiff, but misrepresented the information from the company checkr about Plaintiff, and falsely attributed the error to them when their report came back clear and clean. The misrepresentation of having something presented as wrong with Plaintiff's background, when there's nothing but clear according to the very system, and its report the company used, and referred to not only creates a false, and defamatory, image, but inflicts immediate financial and other harms.

### Relief

Plaintiff requests all relief available including Injunctive, Compensatory and Punitive Damages due to harms caused by Lyft (including discrimination, stigmatization, emotional distress, economic/monetary, as well as others).

Complaint
5