UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LYFT, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-09345-JCS<br><br>**ORDER TO SHOW CAUSE WHY MOTION FOR DEFAULT JUDGMENT SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 18 |

　　　　Plaintiff brings a Motion for Default Judgment ("Motion"), which the Court finds to be defective in the following respects: 1) the Clerk's Office has not entered Defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, which is a prerequisite for bringing a motion for default judgment under Rule 55(b) – any application for entry of default should be made to the Clerk's Office; and 2) to the extent the Motion may be seeking entry of default under Rule 55(a) rather than default judgment under Rule 55(b), the request is premature because the time for Defendant to respond has not yet passed, as is conceded in the Motion. *See* Motion at 4 ("The deadline for Defendant to respond will have passed by 1/13/22.").

　　　　In addition, it appears that the complaint was served by certified mail, which is improper. *See id.* ("Plaintiff effected service of the Summons and Complaint on Defendants (via US Certified Mail by process server)."). Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, a corporation may be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy to the [person to whom the subpoena is directed]." Fed. R. Civ. P. 4(h)(1)(A)

& (B). "Courts have uniformly rejected the possibility that the term "delivering" in Rule 4(h)(1)(B) includes service by mail. *DH Holdings, LLC v. Meridian Link, Inc*., No. CV 09-9117 ABC, 2010 WL 11597616, at *2 (C.D. Cal. Apr. 9, 2010) (listing cases).

Nor is service by certified mail proper under Rule 4(h)(1)(A), which allows corporations to be served "in the manner prescribed by Rule 4(e)(1)." Rule 4(e)(1), in turn, provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e).

Under Rule 4(e)(1), service is proper if it complies with California law. California law provides that a summons may be served by personal delivery of the summons and complaint to the person to be served, California Code of Civil Procedure § 415.10, or by leaving a copy of the summons and complaint during office hours at his or her office, and by thereafter mailing a copy of the summons and complaint to be served at the place where a copy of the summons and complaint was left, California Code of Civil Procedure § 415.20(a), or by leaving a copy at the persons dwelling house or usual place of abode as required by California Code of Civil Procedure § 415.20. Further, while California Code of Civil Procedure § 415.30 allows for service of the summons and complaint by mail, service in that manner is valid only if the complaint and summons are served with the required notice of acknowledgement and an envelope addressed to the sender with prepaid postage *and* the recipient has signed and returned the acknowledgement of receipt.  There is no indication that service of the complaint and summons was accomplished in a manner consistent with any of these sections.

Further, service by mail is not proper under Rule 4(e)(2)(A) or (C), which require that the complaint be "delivered" rather than mailed.  As discussed above, mailing of a complaint and summons does not constitute "delivery."  Nor does service by certified mail satisfy Rule 4(e)(2)(B), which requires not only that the summons and complaint be left at the defendant's dwelling but also that it be left "*with* someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(b) (emphasis added).  Therefore, it is clear that service of process also was not proper under this section.

Plaintiff may either withdraw the motion or file a response addressing why the Motion should not be denied no later than December 27, 2021.  Because the undersigned magistrate judge does not have the consent of all parties pursuant to 28 U.S.C. § 636(c), if the Motion is not withdrawn the case will be reassigned to a district judge with a recommendation as to the disposition of the Motion upon receipt of Plaintiff's response.

**IT IS SO ORDERED.**

Dated:  December 13, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge