1
2
3
4            IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    GEORGE JARVIS AUSTIN,                    Case No. 21-cv-09345-MMC

              Plaintiff,
8
                                             **ORDER DENYING PLAINTIFF'S IFP**
9        v.                                  **REQUEST; DENYING PLAINTIFF'S**
                                             **MOTION FOR RECONSIDERATION**
10   LYFT, INC.,
                                             Re: Doc. Nos. 49, 53
              Defendant.
11

12        Before the Court are plaintiff George Jarvis Austin's ("Austin") (1) "Notice of

13   Appeal (and IFP Notice)" ("IFP Request"), filed January 24, 2022 (see Doc. No. 49),

14   which the Court construes as a request to proceed on appeal in forma pauperis, and

15   (2) "Motion for Reconsideration," filed January 25, 2022 (see Doc. No. 53), which the

16   Court construes as a request for reconsideration of the Court's order filed the same date

17   (see Doc. No. 51).  Having read and considered the papers filed in support of the request

18   and the motion, the Court rules as follows.[1]

19   **A. IFP Request**

20        "To proceed in forma pauperis is a privilege, not a right."  Smart v. Heinze, 347

21   F.2d 114, 116 (9th Cir. 1965).  "[A] party to a district-court action who desires to appeal in

22   forma pauperis must file a motion in the district court" and "attach an affidavit that

23   (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability

24

25   _____

26        [1] Although, as noted, plaintiff has filed a notice of appeal to the United States
     Court of Appeals for the Ninth Circuit (see Doc. No. 49), it is "clear to the . . . [C]ourt" that
27   the notice is "deficien[t] . . . by reason of . . . reference to a non-appealable order," and,
     consequently, the Court "may disregard the purported notice of appeal," see Ruby v.
28   Sec'y of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966).

United States District Court
Northern District of California

1   to pay or to give security for fees and costs; (B) claims an entitlement to redress; and

2   (C) states the issues that the party intends to present on appeal."  Fed. R. App. P.

3   24(a)(1)(A)-(C).  An affidavit is sufficient if it alleges facts showing the party, "because of

4   his poverty," cannot "pay or give security for [court] costs and still be able to provide

5   himself and dependents with the necessities of life."  See Adkins v. E.I. DuPont de

6   Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation omitted).

7        Here, Austin asserts, in conclusory fashion, his "financial resources . . . [are]

8   strained because of work slowdown in conjunction with a variety of commitments and

9   responsibilities" (see IFP Request at 3); he has not, however, endeavored to provide, as

10   required by Form 4, any information regarding, inter alia, his income source(s),

11   employment history, assets, or monthly expenses, see Fed. R. App. P., Form 4.[2]

12        Accordingly, the IFP Request is hereby DENIED.  See, e.g., Erickson Prods. Inc.

13   v. Kast, Case No. 5:13-cv-05472-HRL, 2015 WL 13390508, at *1 (N.D. Cal. Dec. 18,

14   2015) (denying request to proceed on appeal in forma pauperis for failure to provide

15   information required by Form 4).

16   **B. Motion for Reconsideration**

17        In this district, a party seeking reconsideration must first request leave to file a

18   motion for reconsideration.  See Civil L.R. 7-9(a) (providing "[n]o party may notice a

19   motion for reconsideration without first obtaining leave of Court to file the motion").  In

20   that regard, a party seeking leave to file a motion for reconsideration "must specifically

21   show" therein one of the following circumstances:

22        (1) That at the time of the motion for leave, a material difference in fact or
23   law exists from that which was presented to the Court before entry of the
      interlocutory order for which reconsideration is sought.  The party also must
24   show that in the exercise of reasonable diligence the party applying for
      reconsideration did not know such fact or law at the time of the interlocutory
25   order; or

26        [2] Austin similarly failed to make the requisite showing in connection with his two
27   prior requests to proceed in forma pauperis (see Doc. Nos. 2, 32), which requests were
      denied by Magistrate Judge Joseph C. Spero and the undersigned, respectively (see
28   Doc. Nos. 4, 51).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

See Civil L.R. 7-9(b).  Further, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." See Civil L.R. 7-9(c).  "Any party who violates this restriction shall be subject to appropriate sanctions."  Id.

At the outset, the Court notes that Austin, by failing to seek leave of the court before filing his motion for reconsideration, has not complied with the Local Rules of this district, and, on that basis alone, the motion will be denied.  See Tri-Valley CARES v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) (noting "[d]enial of a motion as the result of a failure to comply with local rules is well within a district court's discretion"). The fact that Austin is proceeding pro se does not excuse his non-compliance with the procedural rules of this Court.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (noting "pro se litigants are bound" by district court's local rules).

In any event, Austin fails to make the requisite showing or otherwise show good cause for reconsideration.  In particular, rather than addressing any of the above-referenced grounds for reconsideration, Austin reasserts the same arguments he had already asserted in connection with his prior motions (see Doc. No. 18 ("Motion for Default Judgment"), Doc. No. 27 ("Motion to Correct"), Doc. No. 27-2 ("Response: Order to Show Cause"), Doc. No. 44 ("Motion for Correction"), Doc. No. 44-2 ("Appellant's Opening Brief")), which arguments were considered by the Court in ruling on those motions.

Nevertheless, in light of Austin's apparent misunderstanding of the rules governing service of process, the Court will endeavor to provide further clarification of those requirements and the deficiencies in Austin's purported service.

Under Rule 4(h) of the Federal Rules of Civil Procedure, a plaintiff may serve process on a domestic corporation in one of two ways:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

See Fed. R. Civ. P. 4(h)(1)(A)-(B).  Rule 4(e)(1), in turn, provides service may be made by following the law of "the state where the district court is located or of the state where service is made."  See Fed. R. Civ. P. 4(e)(1).

Here, Austin asserts he served process on defendant Lyft, Inc. ("Lyft") by sending, through "certified mail," the "complaint, [s]ummons, and other essential information alerting of legal action commenced against [Lyft]" to Lyft's "headquarters" in San Francisco and Los Angeles.  (See Mot. for Reconsideration at 12.)  To support his assertion, Austin has filed a proof of service form, photos of envelopes addressed to Lyft, and tracking information provided by the United States Postal Service ("USPS") indicating two packages were "[d]elivered" to USPS locations in San Francisco and Los Angeles on December 14, 2021.  (See Doc. No. 53-1.)  As set forth below, such showing is insufficient.[3]

First, "courts have uniformly rejected the possibility that the term 'delivering' [under Rule 4(h)(1)(B)] includes service by mail," see DH Holdings,LLC v. Meridian Link, Inc., Case No. CV 09-9117 ABC, 2010 WL 11597616, at *2 (C.D. Cal. Apr. 9, 2010) (collecting cases); rather, "Rule 4 requires personal service" of the summons and complaint, see In

---

[3] To the extent Austin relies on statutory and case law to support a contrary finding, such authority is inapposite.  See, e.g., Cal. Code Civ. P. § 1012 (governing service of notices by mail); Merritt v. JP Morgan, Case No. 17-CV-06101-LHK, 2018 WL 1933478, at *9 (N.D. Cal. Apr. 24, 2018) (noting rules for service on out-of-state defendants); Intelepeer Cloud Commc'ns, LLC v. Explore Travels, Corp., Case No. 16-cv-01255-DMR, 2016 WL 4699731, at *2 (N.D. Cal. Aug. 19, 2016) (noting rules for service on out-of-state defendants); Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999) (describing service under Alabama state law).

United States District Court
Northern District of California

1  re TFT-LCD (Flat Panel) Antitrust Litig., MDL No. 1827, 2009 WL 4874872, at *2 (N.D.

2  Cal. Oct. 6, 2009) (citing Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000))

3  (emphasis added).  Consequently, Austin's purported service by "certified mail" does not

4  satisfy Rule 4(h)(1)(B).

5        Next, Austin has not complied with the requirements for serving process pursuant

6  to California law.  Under California law, "[a] summons may be served by personal delivery

7  of a copy of the summons and of the complaint to the person to be served," see Cal.

8  Code Civ. P. § 415.10, or "by leaving a copy of the summons and complaint during usual

9  office hours [at] his or her office . . . with the person who is apparently in charge thereof,

10 and by thereafter mailing a copy . . . to the person to be served at the place where [said

11 documents] were left," see id. § 415.20.  As a third alternative, California permits service

12 by mail.  See id. § 415.30.  Such service, however, requires that the summons and

13 complaint be accompanied by two copies of a "notice and acknowledgment [of receipt]"

14 that is "substantially in the . . . form" provided for in section 415.30(b) of the California

15 Code of Civil Procedure.  See id. § 415.30(a)-(b).  Further, and of particular importance,

16 service by mail under section 415.30 is not "deemed complete" until "the date a written

17 acknowledgment of receipt of summons is executed," see id. § 415.30(c), specifically, by

18 "the party addressed," see Thierfeldt v. Marin Hosp. Dist., 35 Cal. App. 3d 186, 199

19 (1973) (emphasis added).

20        Although, as noted, Austin asserts he sent Lyft the summons and complaint, he

21 has not asserted he provided Lyft with copies of the requisite notice and

22 acknowledgment.  See In re TFT-LCD, 2009 WL 4874872, at *2 (finding service

23 insufficient where "plaintiff did not provide defendants with copies of the notice and

24 acknowledgment of receipt").  Moreover, to the extent Austin contends the above-

25 referenced tracking information from USPS constitutes acknowledgment of receipt (see

26 Mot. for Reconsideration at 19-20 (contending Austin has filed "electronic

27 acknowledgment, . . . mailed return receipt," and "independently verifiable tracking

28 number . . . verifying receipt")), such document is not "substantially" in the form shown in

1   section 415.30(b), see Cal. Code Civ. P. 415.30(b), nor was it executed and returned by

2   the party addressed, namely, Lyft, see Tom Ver LLC v. Organic Alliance, Inc., Case No.

3   13-CV-03506-LHK, 2015 WL 6957483, at *6 (N.D. Cal. Nov. 11, 2015) (noting, "[i]f the

4   person to be served fails to complete and return the written acknowledgment of receipt of

5   summons, there has been no effective service and the serving party must attempt service

6   by another method") (emphasis added).

7       Accordingly, for all of the above reasons, the Motion for Reconsideration is hereby

8   DENIED.

9

10      **IT IS SO ORDERED.**

11  Dated: February 9, 2022

12                                          MAXINE M. CHESNEY
                                            United States District Judge