IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>LYFT, INC.,<br><br>    Defendant. | Case No. 21-cv-09345-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS ACTION; VACATING HEARING; DISMISSING ACTION** |

    Before the Court is defendant Lyft, Inc.'s ("Lyft") "Motion to Compel Arbitration and Dismiss Action," filed August 9, 2022. Plaintiff George Jarvis Austin ("Austin") has filed opposition, to which Lyft has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for September 16, 2022, and rules as follows.

    In his operative complaint, the First Amended Complaint ("FAC"), Austin alleges Lyft discriminated against him on the basis of his race in connection with a background check performed as part of its "hiring process." (See FAC at 5.) Based thereon, Austin asserts causes of action for (1) "Intentional Discrimination," (2) "Defamation," and (3) "Deceit."

    By the instant motion, Lyft seeks an order (1) compelling arbitration of Austin's claims and (2) dismissing or, in the alternative, staying the above-titled action in light thereof.

**A. Arbitration**

    Pursuant to the Federal Arbitration Act ("FAA"), contractual arbitration agreements

"shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." See 9 U.S.C. § 2. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original). Thus, the district court's role under the FAA is "limited to determining (1) whether the agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." See Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts," the court must "enforce the arbitration agreement in accordance with its terms." Id.

      Here, the Court finds Austin agreed to arbitrate each of his claims asserted against Lyft. In particular, contrary to Austin's argument, Lyft has established that, on December 1, 2021, the parties executed an arbitration agreement contained in the April 1, 2021 version of Lyft's Terms of Service ("TOS") (see Decl. of Ryan McGowan in Supp. of Def.'s Mot. to Compel Arbitration ("McGowan Decl.") ¶¶ 8-16; Decl. of Yvonne Tsai in Supp. of Def.'s Mot. to Compel Arbitration ("Tsai Decl.") ¶¶ 8-10, Ex. B),[1] which agreement provides, in relevant part, that "all disputes and claims between [the parties] . . . shall be exclusively resolved by binding arbitration" (see McGowan Decl. Ex. A § 7(a) (capitalization omitted)). The agreement further provides that it encompasses "any dispute, claim or controversy, whether based on past, present, or future events, arising out of or relating to . . . background checks performed by or on Lyft's behalf," "discrimination," "fraud," or "defamation." (See id.)

      Accordingly, to the extent Lyft seeks an order compelling arbitration of Austin's

---

[1] Although Lyft contends Austin also "consented" to its TOS on November 2, 2018, and December 29, 2018 (see Mot. at 4:15-16), Lyft has not submitted as evidence any earlier versions of its TOS (see id. at 4:5 n.2 (referencing February 6, 2018 version of TOS)).

2

claims, its motion will be granted.

**B. Dismissal or Stay**

The FAA provides that, when "any issue" in an action is "referable to arbitration" under an arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." See 9 U.S.C. § 3. Nevertheless, the Ninth Circuit has held that where, as here, "all of the claims raised" are subject to arbitration, the court has discretion to dismiss the action. See Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1073-74 (9th Cir. 2014); see also Campos v. JPMorgan Chase Bank, NA, Case No. 18-cv-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. Feb. 21, 2019) (noting "[c]ourts in this [d]istrict regularly dismiss actions after granting motions to compel arbitration where all of . . . plaintiff's claims [are] subject to arbitration") (collecting cases).

Accordingly, to the extent Lyft seeks dismissal of the above-titled action, its motion will be granted.

## CONCLUSION

For the reasons stated above, Lyft's motion to compel arbitration is hereby GRANTED, and the above-titled action is hereby DISMISSED without prejudice to Austin's pursuing arbitration of his claims.

**IT IS SO ORDERED.**

Dated: September 2, 2022

MAXINE M. CHESNEY
United States District Judge